76 Mass. App. Ct. 311 (2010)                          311

Central Water District Associates, Limited Partnership v. Commissioner of Revenue.

## CENTRAL WATER DISTRICT ASSOCIATES, LIMITED PARTNERSHIP *vs.* COMMISSIONER OF REVENUE.

No. 08-P-2104.

Suffolk. October 22, 2009. - February 23, 2010.

Present: McHUGH, VUONO, & MEADE, JJ.

*Taxation,* Appellate Tax Board, Abatement. *Partnership,* Limited partnership. *Attorney At Law. Administrative Law,* Substantial evidence, Agency's interpretation of statute. *Words,* "Good and sufficient cause," "Reasonable cause."

The Appellate Tax Board (board) properly affirmed the denial by the Commissioner of Revenue of applications by the taxpayer, a limited partnership, for abatement of penalties for failure to file partnership tax returns for the years 1979 through 2001, where the board concluded, based on substantial evidence and a reasonable interpretation of G. L. c. 62C, § 34, that the taxpayer's alleged reliance on extremely sporadic and infrequent consultations with a tax professional did not constitute the ordinary business care and prudence necessary to establish that its failure to file was due to good and sufficient cause, as required by § 34. [312-315]

APPEAL from a decision of the Appellate Tax Board.

*John J. Egan* (*Edward J. McDonough, Jr.,* with him) for the plaintiff.

*Timothy J. Casey,* Assistant Attorney General, for the Commissioner of Revenue.

VUONO, J. This is an appeal from a decision of the Appellate Tax Board (board) affirming the denial by the Commissioner of Revenue (commissioner) of applications by the taxpayer, Central Water District Associates, Limited Partnership (CWDA), for abatement of $503,653.52 in penalties for failure to file partnership tax returns for the years 1979 through 2001.[1] We affirm.

---

[1] The penalties were assessed under G. L. c. 62C, § 34, as amended by St. 1980, c. 395, § 3, which provides in pertinent part: "If any partnership required to file a return under section seven fails to file the return within the

*Background.* CWDA is a limited partnership that owns three bodies of water near Worcester: Stiles Lake, Cedar Meadow Lake, and Burncoat Pond. The partnership was formed in 1979 by Raymond E. Shea, Sr. (Shea Sr.), who was the sole general partner until October, 1994, when he assigned his entire interest in the partnership (thirty percent) to his son, Raymond E. Shea, Jr. (Shea Jr.).[2] In December, 2002, after conducting an audit, the commissioner issued a notice of failure to file partnership tax returns for the tax years beginning in 1979 and ending in 2001. That notice was followed in March, 2003, by a notice of intent to assess penalties and interest in the amount of $503,645 for the failure to file returns. CWDA objected to the penalties on the ground that it had relied on advice from its tax advisor, Joseph A. Simoncini, Sr.,[3] who allegedly advised CWDA that it did not need to file partnership returns if the partnership had no income. CWDA subsequently filed partnership returns and requests for abatement, which were denied, and ultimately petitioned the board seeking relief. After hearing, the board affirmed the commissioner's ruling, concluding that CWDA had not sustained its burden of proving an entitlement to an abatement.[4] This appeal followed.

*Discussion.* A decision by the board will not be modified or reversed if it "is based on both substantial evidence and a correct application of the law." *Boston Professional Hockey Assn. v. Commissioner of Rev.*, 443 Mass. 276, 285 (2005). The board concluded that CWDA did not exercise the ordinary business care and prudence necessary to establish that its failure to file tax returns was due to "good and sufficient cause." G. L. c. 62C, § 34. CWDA contends that the board erred and claims that its failure to file partnership returns as required by G. L. c. 62C, § 7,[5] should be excused because it relied on the erroneous

time therein provided, it shall become liable to a penalty of five dollars for every day during which it is in default. . . . For good and sufficient cause such penalty may be waived by the commissioner, or a penalty which has been assessed may be abated by the commissioner in whole or in part."

[2]Shea Sr. died in June, 2000.

[3]His name also appears in the record as "Joseph A. Simoncini, Jr."

[4]The board did conclude, however, that CWDA was entitled to an abatement of $4,644.98 in interest that had accrued since the penalties were assessed.

[5]"Every partnership . . . having a usual place of business in the com-

advice of a competent tax professional. We disagree. We have
no difficulty concluding that the board's findings are based on
substantial evidence.[6] The board heard testimony from Shea Jr.
and Simoncini,[7] who was Shea Sr.'s business and personal tax
advisor for forty years and prepared personal tax returns for
Shea Jr. As the board noted, Shea Jr. testified that, as the general
partner of CWDA, he relied upon Simoncini's advice that there
was no need to file partnership returns.[8] Simoncini, however,
stated both that he had no "records or documents regarding this
limited partnership in my possession or control" and that he
"never advised either [Shea Sr. or Shea Jr.] on the specific issue
of whether or not this partnership was required to file partner-
ship tax returns." The board credited Simoncini's statements,
finding that "Simoncini was not aware that [CWDA] was a limited
partnership, nor was he presented with any documentation regard-
ing [CWDA's] finances. Mr. Simoncini did not bill Shea Jr. or
CWDA for his advice, and neither Shea Jr. nor Mr. Simoncini
documented their conversations."

We now consider whether the board correctly applied the law.
In order to prevail on its request for an abatement, CWDA was
required to establish "good and sufficient cause" for its failure
to file partnership returns. G. L. c. 62C, § 34. The board noted
that the term "good and sufficient cause" is not defined in
G. L. c. 62C, § 34, and found no authority from our appellate
courts defining the term in the context of that statute. Thus, the
board looked to an analogous penalty provision set forth in
G. L. c. 62C, § 33(*f*), inserted by St. 1980, c. 27, § 4, which
governs penalties for failure to file other tax returns. Section
33(*f*) provides for the abatement of penalties where there is

monwealth shall file . . . an information return sworn to by a member of the
partnership." G. L. c. 62C, § 7, inserted by St. 1976, c. 415, § 22.

[6]The board's decision is final as to findings of fact. G. L. c. 58A, § 13. See
*Syms Corp.* v. *Commissioner of Rev.*, 436 Mass. 505, 511 (2002). Accord-
ingly, "[o]ur review of the board's factual findings is limited to whether, as a
matter of law, the evidence is sufficient to support them." *Sherwin-Williams
Co.* v. *Commissioner of Rev.*, 438 Mass. 71, 80 (2002).

[7]The board also heard testimony from Peter Kortkamp, the commissioner's
sole witness, and received in evidence various exhibits, including two af-
fidavits prepared by Simoncini.

[8]Both Shea Jr. and Simoncini agree that the Sheas sought advice only three
times: once in the late 1970's, in 1995, and again in 1997 or 1998.

314 76 Mass. App. Ct. 311 (2010)

Central Water District Associates, Limited Partnership *v.* Commissioner of Revenue.

"reasonable cause" for the failure to file. Because, as the board explained, "both standards were intended to focus on whether the taxpayer's conduct was reasonable," it applied a "reasonable cause" standard in determining whether CWDA was entitled to an abatement.[9] "Although the proper interpretation of a statute is for a court to determine, we recognize the board's expertise in the administration of tax statutes and give weight to the board's interpretations." *Raytheon Co.* v. *Commissioner of Rev.*, 455 Mass. 334, 337 (2009), citing *Bell Atl. Mobile of Mass. Corp., Ltd.* v. *Commissioner of Rev.*, 451 Mass. 280, 283 (2008). We "will affirm [the board's] statutory interpretation if that interpretation is reasonable." *AA Transp. Co.* v. *Commissioner of Rev.*, 454 Mass. 114, 119 (2009). We conclude that treating the term "good and sufficient cause" as the equivalent of "reasonable cause" is a reasonable interpretation of the statute, and, therefore, we adopt it.[10]

Reasonable cause is established where, "[a]t a minimum, the taxpayer . . . show[s] that he exercised the degree of care that an ordinary taxpayer in his position would have exercised." *Commissioner of Rev.* v. *Wells Yachts South, Inc.*, 406 Mass. 661, 665 (1990). See *Geoffrey, Inc.* v. *Commissioner of Rev.*, 453 Mass. 17, 25-26 (2009). Reasonable cause may be found when a taxpayer has relied on substantive tax advice given by a competent professional. See, e.g., *Syms Corp.* v. *Commissioner of Rev.*, 436 Mass. 505, 515 (2002). However, as the United States Supreme Court has observed, reliance on a tax professional "cannot function as a substitute for compliance with an unambiguous statute." *United States* v. *Boyle*, 469 U.S. 241, 251 (1985). Moreover, a taxpayer is still required to exercise "ordinary business care and prudence." *Id.* at 253 (Brennan, J., concurring).

---

[9]Neither party objected to the board's application of a "reasonable cause" standard. To the extent that CWDA contends that the board erred because it determined that "reasonable cause" is an objective rather than a subjective standard, its argument is misplaced. See *Commissioner of Rev.* v. *Wells Yachts South, Inc.*, 406 Mass. 661, 665 (1990) ("In providing for the abatement of penalties when a taxpayer's tardiness was due to 'reasonable cause and not due to willful neglect,' § 33(*f*) sets an objective standard").

[10]By St. 1980, c. 27, § 4, the Legislature rewrote G. L. c. 62C, § 33, replacing the phrase "good and sufficient cause" with "reasonable cause" in a new subsection (*f*). Although the Legislature did not amend § 34 at that time, we nevertheless agree with the board that the two terms, if not identical in substance, are certainly analogous.

Here, the board properly concluded that Shea Jr.'s "extremely sporadic and infrequent consultations with Mr. Simoncini" did not provide CWDA with good and sufficient cause for its failure to file partnership tax returns. The evidence also supports the board's conclusion that because CWDA did not furnish Simoncini with the appropriate facts or documentation necessary to offer accurate advice, it failed to exercise ordinary business care and prudence.

As Shea Jr. acknowledges, there were only three informal conversations between the Sheas and Simoncini (over an approximately twenty-year period) about CWDA's tax obligations. Neither Shea Sr. nor Shea Jr. provided Simoncini with a copy of the partnership agreement, property deeds, or any financial records. In fact, Simoncini was never informed that CWDA was a limited partnership. This conduct does not reflect ordinary business care and prudence.[11] Consequently, CWDA did not meet its burden of proving that it was entitled to an abatement. See *M & T Charters, Inc.* v. *Commissioner of Rev.*, 404 Mass. 137, 140 (1989) (taxpayer who claims right to abatement carries burden of proof).

Finally, we decline to address CWDA's argument that the commissioner may not collect failure to file penalties beyond the last seven tax years at issue. See Technical Information Release 03-17 (August 28, 2003), 5 Official MassTax Guide 161, 162 (West 2009). This argument was not raised below, nor was it addressed in CWDA's appellate brief. Instead, one week prior to oral argument, CWDA sought to raise this issue in motions to expand the appellate record and to file a supplemental brief. The argument, therefore, is waived. See *Bruno* v. *Board of Appeals of Wrentham*, 62 Mass. App. Ct. 527, 531-532 (2004).

*Decision of the Appellate Tax Board affirmed.*

---

[11]*Samia* v. *Commissioner of Rev.*, 15 Mass. App. Tax Bd. Rep. 73 (1993), on which CWDA relies, is distinguishable. In that case, the board abated failure to file penalties where the taxpayer established reasonable reliance upon the erroneous advice of a tax professional after providing that professional with all relevant financial information. *Id.* at 78. By contrast, the Sheas failed to provide Simoncini with the information necessary to enable him to provide sound advice.